## Hulman & Co. et al. v. J. B. McBryde & Co. et al.

1. FRAUDULENT CONVEYANCES—*Void as Against Creditors.*—Every conveyance or transfer of any real estate or personal property, or any rent or profit of either, made with intent to disturb, delay, hinder, or defraud creditors or other persons, and every evidence of debt given, suit commenced, decree or judgment suffered, with like intent, is void as against such creditors or other persons.

**Bill of Discovery and Creditor's Bill.**—Trial in the Circuit Court of Clark County; the Hon. HENRY VAN SELLER, Judge, presiding. Hearing and decree for complainants; appeal by defendants. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed February 7, 1899.

ROBERT E. HAMILL and GOLDEN, SCHOLFIELD & BOOTH, attorneys for appellants.

Every conveyance is void as to creditors if the grantor reserves a beneficial interest or if a trust be created. Beidler v. Crane, 135 Ill. 92; Bostwick v. Blake, 145 Ill. 85; Mel. Com. Works, v. Belleville Glass Co., 34 Ill. App. 404; Calef v. Parsons, 48 Ill. App. 253.

It will make no difference that the reserved benefit is for a valuable consideration if the transfer places the property beyond the reach of creditors and gives the debtor what belongs to them. Rutt v. Shuler, Adm'r, 49 Ill. App. 655.

And a secret understanding between the grantor and grantee for the accounting of the proceeds renders the conveyance void. Rigor et al. v. Simmons, 47 Ill. App. 428.

A deed is not good if given for a pre-existing debt which is afterward treated by the parties as still due. Wait, Fr. Con., Sec. 223, page 397, citing Oliver v. Moore, 23 Ohio St. 479; Oakford & Fahnestock v. Dunlap, 63 Ill. App. 498; Priest v. Conklin, 38 Ill. App. 180.

The grantee in such a conveyance is a trustee for creditors. Reiss v. Hanchett, 141 Ill. 419.

A creditor can not purchase the goods of the debtor at a price in excess of his debt when he knows that the excess so paid such debtor is by the latter to be placed beyond the reach of his other creditors. Such purchaser is a participant in the fraud of his debtor, whether his purpose be to aid him or not. 8 Am. & Eng. Ency. of Law, 769, note 4; McVeagh v. Baxter, 82 Mo. 518; Olmstead v. Mattison, 45 Mich. 617.

Every conveyance is fraudulent and void where the grantee has knowledge, or notice to put him upon inquiry, as to the fraudulent intent of the grantor, although for a valuable consideration. Ch. 59, Sec. 45, R. S. Ill.; Power v. Alston et al., 93 Ill. 587; Beidler v. Crane, 135 Ill. 92; Mathews v. Reinhardt, 149 Ill. 635.

GRAHAM & TIBBS, attorneys for appellees.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This is an appeal prosecuted by the appellants, Hulman

& Co. and Carson, Pirie, Scott & Co., to this court, from a decree rendered by the Circuit Court of Clark County, in favor of the appellees, J. B. McBryde & Co. et al., after a hearing in the consolidated cases of the appellants and others against the appellees, being a number of creditors' bills, with averments of concealment of property and effects of said J. B. McBryde & Co., by the defendants in said bill named, and praying for discovery of such concealed property and effects, so that satisfaction of the judgments held by the appellants and the other creditors, respectively, against said J. B. McBryde & Co., could be had.

The bill of Hulman & Co. was filed December 26, 1896, and set up that the complainants had, on December 10, 1896, recovered, in said Circuit Court, a judgment against J. B. McBryde and W. E. McBryde, a firm doing business as J. B. McBryde & Co., for $738.10, on which an execution was issued to the sheriff of Clark county, Illinois, and return, December 18, 1896, "no property found, execution not satisfied;" that the claim of complainants, on which said judgment was rendered, was owing them by J. B. McBryde & Co., long prior to November 25, 1896; and that on or about that date J. B. McBryde & Co. made a sale of their stock of goods to one W. G. Hersig, a son-in-law of J. B., and a brother-in-law of W. E. McBryde, for an inadequate consideration, and on the agreement of said Hersig that he would pay certain debts then owing by J. B. McBryde & Co., among which was the claim of the complainants; that the sale of said stock of goods was for the express purpose of hindering and delaying, as well as to defraud the complainants and other creditors of J. B. McBryde & Co., in collecting the claims owing them by J. B. McBryde & Co.; that Hersig had not paid complainants the indebtedness owing them by J. B. McBryde & Co., but had failed and refused to do so, notwithstanding the fact that he was selling out said goods and appropriating the proceeds thereof to his own use.

The bill further alleged that as a part of the pretended consideration of the sale of the stock of goods, J. B. Mc-

Bryde had in his possession and held a certain note of W. G. Hersig, due thereafter, for $305.30; and that said note, and others in the possession of the defendants to the bill, were assets of J. B. McBryde & Co., which in equity should be subjected to the payment of their debts. The bill required answers under oath, prayed for a disclosure of all property, or the proceeds thereof, in the hands of, or under the control of each of the defendants and belonging to J. B. McBryde & Co., so that their creditors might resort thereto and collect the claims owing them by McBryde & Co.

In addition to the other relief sought in the bill, the complainants prayed for and obtained, on December 26, 1896, a temporary injunction, restraining J. B. and W. E. McBryde from selling, assigning, incumbering, or in any manner disposing of any property or effects in their possession or under their control, except such as is exempt by law.

On February 24, 1897, John V. Farwell & Co., having a judgment against J. B. McBryde & Co., for $373; John M. Loake & Co., having a judgment against them for $278; Isaac Greenfelder & Sons, having a judgment against them for $178, each filed in said Circuit Court, a creditor's bill; and on March 22, 1897, Carson, Pirie, Scott & Co., also filed in said Circuit Court a creditor's bill on a judgment for $466.37 and costs against said McBryde & Co., and made some others defendants thereto; all being of the same general tenor as the bill of Hulman & Co., except that the respective judgments in their favor against J. B. McBryde & Co. were of different dates, and in the case of Carson, Pirie, Scott & Co., made one William Abraham, who it averred had bought an interest in the said stock of goods from W. G. Hersig, subsequent to the filing of the bill of Hulman & Co., and C. Fugua & Sons, who it averred had purchased said stock of goods from Hersig & Abraham, on March 5, 1897, were made also defendants.

The record discloses that the temporary injunction was served on J. B. and W. E. McBryde on December 28, 1896, and the summons in the Hulman & Co.'s bill was served on the defendants therein named on December 29, 1896.

W. G. Hersig and other defendants thereto answer these
bills under oath, and by express agreement of the parties,
no answers were filed by C. Fugua, William Abraham and
some other defendants, as without any answers from them,
or replications thereto, the other answers and replications
were to be considered as adopted by such parties the same
as if expressly filed.

The answer of W. G. Hersig filed to the bill of Hulman
& Co., as also to the other of said bills, among other things
states, that J. B. McBryde & Co. sold their entire stock of
goods, etc., to him on November 24, 1896, since which time
they have not been engaged in such business. He further
therein admits that he is the son-in-law of J. B. McBryde
and the brother-in-law of W. E. McBryde, and he denies
that the McBrydes, or either of them, have made an assign-
ment or transfer of their property or part thereof to him
which was merely colorable, and made with a view of pro-
tecting their property or effects, and placing same beyond
the reach of complainants' said judgment, and to enable the
McBrydes to control and enjoy same and the avails thereof
or to hinder or delay complainants in the collection of their
debt now in judgment as aforesaid; and it further states
that immediately after he purchased said stock of goods
from the McBrydes, he went into possession thereof, and on
December 22, 1896, he sold so much of said stock of goods
as were at Mt. Moriah store to R. F. Fears, for $544.12, of
which $194.12 is not secured and perhaps not collectible;
that on January 18, 1897, he sold the one-half of said stock
of goods at Casey to one W. Abraham for $2,168.84; and
that on March 6, 1897, he and said Abraham sold all of said
stock of goods to C. Fugua & Sons for $4,408.50.

His answer further states that he purchased said stock of
goods from J. B. McBryde & Co. for $5,103.60, which was
a fair cash value therefor, and at that time J. B. McBryde
& Co. were indebted to him for borrowed money, which
had been used by them in purchasing goods for said stock,
to the sum of $661.38, which was then due him from them,
and he, for the purpose of collecting the same, was induced

to purchase said stock, and that he paid J. B. McBryde & Co. for said stock of goods in full, the consideration so paid for same being as follows :

"INDEBTEDNESS ASSUMED.

| | | |
|---|---|---|
| To Mills & Averill, St. Louis | $ 54 | 66 |
| To B. L. Adams, Casey | 57 | 45 |
| To D. C. Joplin, St. Louis | 107 | 00 |
| To Hulman & Co., Terre Haute | 8 | 79 |
| To Trolicht, Dunker & Co., St. Louis | 12 | 00 |
| To H. Kennedy, Casey | 68 | 00 |
| To Standard Oil Co., Effingham | 4 | 02 |
| To Mound City Paint Co., St. Louis | 23 | 50 |
| To Charles Johnson, Casey | 26 | 50 |
| To Townley Mantel Co., Terre Haute | 162 | 95 |
| To David Morton, Louisville | 61 | 00 |
| To notes given by J. B. McBryde and W. E. McBryde to W. G. Hersig, then due | 661 | 38 |
| To cash paid by Hersig to J. B. McBryde & Co.. | 569 | 76" |

Notes transferred by him to them, the interest and principal being as follows :

| | | |
|---|---|---|
| "To notes on Galeb Case, amount | $ 816 | 30 |
| To notes on T. M. Smith, amount | 349 | 50 |
| To notes on D. F. Moore, amount | 798 | 15 |
| To notes on defendant for | 305 | 30 |
| To eighty acres of real estate | 1,000 | 00" |

That he has paid all of the above amounts assumed by him, except the $107 due D. C. Joplin, and $61 due David Morton; that said real estate is fairly worth, at a fair cash value, $1,000 over the incumbrance, by way of mortgage on same; that his said note against them for $661.38 was due and was a *bona fide* debt, and all the said notes transferred by him to them, were valid notes and worth the full amount expressed in said notes; that he has paid in full for said stock of goods, except his said note of $305.30 given them by him as aforesaid, and this he expects to pay when it is due by its terms; that the sale to him by J. B. McBryde & Co. of said stock of goods was in absolute good faith and not for the purpose of hindering and delaying their creditors from collecting any debts owing them by the McBrydes.

He further states in his answer, that it was understood
and agreed by him and J. B. McBryde & Co., that if he
could make arrangements with Hulman & Co. so that they
would wait on him until a note given by the McBrydes to
them for $350.12, dated November 15, 1896, and due sixty
days after date, was due, then he (Hersig) was to assume
and pay same when it was due by its terms; but he avers
that Hulman & Co. refused to carry out such arrangement,
and insisted that he should sign two notes, each for $350.12,
due to Hulman & Co., and owing by the McBrydes, both
of which were judgment notes, which he refused to do,
although he offered to give his own note to them for said
amount, due at the same time said two notes were, his note
not to be a judgment note; but Hulman & Co. refused to
take his note therefor, and they took judgment against the
McBrydes on these two said notes before the expiration of
the sixty days the notes were to run, under the power to
confess judgment at any time after their date, contained in
said two notes.

The answer further denies that Hersig agreed to assume
the debt owing by the McBrydes to Hulman & Co., as stated
in their bill.

The answer further states that J. B. McBryde & Co. were
indebted to Mrs. J. B. McBryde in the sum of $947.95 for
borrowed money used in their store, and were also indebted
to Ernest McBryde for $305 borrowed money, also used in
their store, and out of the consideration received for said
stock of goods, they paid those debts.

The answer further denies all the other allegations of the
bill, and denies that the complainants are entitled to the
relief or any part of same, demanded in the bill, and asks to
be dismissed with his reasonable costs, etc. This answer
has attached to it the following affidavit:

"STATE OF ILLINOIS, }
    Clark County.      }

On this 13th day of April, 1897, before me personally
appeared W. G. Hersig and made oath that he has read the
above answer subscribed by him, and knows the contents
thereof, and that the same is true, of his own knowledge,

except as to matters which are stated on his information and belief, and as to these matters, he believed them to be true.                                                W. G. Hersig.

Subscribed and sworn to before me this 13th day of April, A. D. 1897.                            B. L. Adams,
(Seal.)                                          Notary Public."

The McBrydes in their respective answers, confirm the statements contained in the answer of Hersig, and all the defendants disclaim having any property belonging to J. B. McBryde & Co.

All the answers are sworn to by the same form of affidavit as that of Hersig.

In the answers of J. B. and W. E. McBryde, they state in addition to what is stated in Hersig's answer, that they paid out of the consideration received for the sale of their stock of goods, valid indebtedness owing by them to *bona fide* creditors of theirs, all the cash and notes received, but the following:

One note signed by Caleb Case, due August 7, 1896, and one note signed by W. G. Hersig, due December 7, 1898, for $305.30, both of which he, the said J. B. McBryde, still owns; and that he had when they sold said stock of goods, and he now owns some household and kitchen furniture worth $150, and real estate upon which he lives with his family, worth $3,300, which is incumbered by mortgage for $700, and a balance of purchase money due thereon of $100, and that the said Marion county eighty acres of land, received as part of the consideration of the sale of said stock of goods, is incumbered by mortgage for $800; and that W. E. McBryde has household and kitchen furniture, used by him and his family, worth $175, which is all the property owned now or at time of sale of said stock of goods, by them or either of them.

At the April term, 1897, of the Circuit Court of Clark County, an order was made by that court, that the cases of Hulman & Co. v. J. B. McBryde et al., John V. Farwell & Co. v. same, Carson, Pirie, Scott & Co. v. same, then on the docket of that court, be consolidated and heard as the case of Hulman & Co. et al. v. J. B. McBryde & Co. et al., and

leave was given Frank D. Laura & Co. to join therein as parties complainants; and the cases so consolidated were by the court heard and decree entered therein on April 16, 1898, dismissing all of said bills, with costs to complainants.

The appellants assign as error, that the finding of the court under the evidence, was erroneously for the defendants, when it ought to have been for the complainants; and that the court erred in entering a decree against the complainants for costs.

We have examined with care, the various and lengthy bills of complaint filed herein, and the various answers filed thereto, with the affidavits attached to the same; also the voluminous testimony given on the trial as it appears in the certificate of evidence contained in this lengthy record; and we are satisfied that when all are fairly considered, that it clearly appears that the sale made on or about November 25, 1896, by J. B. McBryde & Co. to W. G. Hersig, of all their stock of goods, was made to, and did hinder and delay the then various creditors of J. B. McBryde & Co. in collecting their valid debts owing them by the McBrydes; and that the consideration paid by W. G. Hersig to the McBrydes was inadequate and consisted in part of real estate, of little or no value, and some notes on persons of questionable responsibility, and not due for some length of time after such sale; that when said sale was made, the property of J. B. and W. E. McBryde remaining, after deducting their exemptions and the incumbrances thereon, was wholly insufficient to pay their debts, all of which was fully known by the son-in-law and brother-in-law, W. G. Hersig, when he bought said stock of goods, and he then intended to aid J. B. McBryde & Co. in their design to hinder and delay such of their creditors as they did not prefer by that sale.

As to the contention of the appellees that their answers were sworn to, and the competent evidence on the trial did not overcome the facts set out therein, we will say, that when the answers and all the testimony is fully analyzed and considered, it fully appears that the Marion county land

was of little or no value above the two $400 mortgages on it, while it was conveyed at the price of $1,000, subject to the mortgages, in the consideration for the stock of goods sold; and that the largest part of the consideration for this stock of goods was notes not due for a long time after the sale, and some of them being on parties living in other and distant States from Illinois.

This case in its facts is a much stronger case of fraud in law than the case of Oakford & Fahnestock v. James Dunlap, 63 Ill. App. 498, and all we said in that case, applies fully to this case.

The defendants below, W. Abraham and C. Fugua & Sons, when they purchased parts of said stock of goods from W. G. Hersig, did so with notice in law of the rights of Hulman & Co. and others, as creditors of J. B. McBryde & Co., to have the sale made by the McBrydes to Hersig, set aside as being fraudulent in law, against them, as claimed by the bill of Hulman & Co., then on file, and the summons issued thereon, served on the McBrydes before they purchased.

We think from the facts disclosed by this record that the findings and decree in this case should not have been against the complainants, as it was; and for that error we reverse the decree of the court below herein, and remand this consolidated cause to the Circuit Court of Clark County, for such other and further proceedings therein, in that court, as to equity and justice appertain. Reversed and remanded.